

FILED
DEC 0 2 2009
DAVID CREWS, CLERK
BY _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY | PLAINTIFF |
| V. | CIVIL ACTION NO. 1:09CV289-A-D |
| TRIPLE S CONSTRUCTION & SUPPLY, INC., DONALD SISSON, CASEY SISSON, AMERICAN HERITAGE HOSPITALITY, INC. d/b/a KEY WEST INN OF HAMILTON, AND JOHN DOES 1 THROUGH 5 | DEFENDANTS |

### COMPLAINT FOR DECLARATORY JUDGMENT

The Burlington Insurance Company ("Burlington") files its Complaint for Declaratory Judgment as follows:

### I.
### PARTIES

1. Plaintiff Burlington is a company incorporated under the laws of the State of North Carolina. Burlington has its principal place of business in the State of North Carolina.

2. Defendant Triple S Construction & Supply, Inc. ("Triple S") is a corporation organized under the laws of the State of Mississippi and has its principal place of business in the State of Mississippi. Triple S may be served with process by delivering a copy of the summons and complaint to its registered agent for service of process, Casey Sisson, 1601 Rural Dempsey Road, Louisville, Mississippi 39759.

3. Defendant Donald Sisson is an adult resident of the State of Mississippi. He may be served with process at 1601 Rural Dempsey Road, Louisville, Mississippi 39759, or wherever he may be found.

4. Defendant Casey Sisson is an adult resident of the State of Mississippi. He may be served with process at 1601 Rural Dempsey Road, Louisville, Mississippi 39759, or wherever he may be found.

5. Defendant American Heritage Hospitality, Inc. d/b/a Key West Inn of Hamilton ("American Heritage") is an Alabama corporation with its principal place of business in Alabama. American Heritage may be served with process by service upon its registered agent, Mark Campassi, at 44924 Highway 17, Vernon, Alabama 35592 or wherever he may be found.

6. Defendants John Does 1 through 5 are individuals, corporations, or associations who are currently unknown to Burlington and who might claim to possess rights with respect to the Burlington insurance policies described herein.

## II.
## JURISDICTION AND VENUE

7. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Burlington is a citizen of a different state from all defendants, and the amount in controversy exceeds $75,000.00, excluding interest and costs.

8. The Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201. An actual and substantial controversy exists between the parties. By this action, Burlington seeks a declaration that, under its insurance policies issued to Triple S, Burlington has neither a duty to defend nor a duty to indemnify any party to this action with respect to the claims brought in the underlying action styled *American Heritage Hospitality, Inc. d/b/a Key West Inn of Hamilton v. Triple S Construction & Supply, Inc., Donald Sisson, and Casey Sisson*; In the Circuit Court of Marion County, Alabama, Case Number 2009-CV-09-126, which was later removed to the United

2

States District Court for the Northern District of Alabama, and later referred to arbitration (the "Underlying Action").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in the State of Mississippi.

10. This Court has personal jurisdiction over Triple S because it is a Mississippi corporation. This Court has personal jurisdiction over Casey Sisson and Donald Sisson because they are adult residents of the State of Mississippi. This Court has personal jurisdiction over American Heritage because it has significant contacts with the State of Mississippi, and this action directly relates to those contacts. Among other significant contacts, defendant American Heritage entered into a contract with a Mississippi corporation and, to the extent it seeks to recover under the policies of insurance at issue, seeks recovery under policies issued in Mississippi to a Mississippi entity.

### III.
### FACTUAL BACKGROUND

**The Underlying Action**

11. In August 2009, defendant American Heritage initiated the Underlying Action against Triple S, Donald Sisson, and Casey Sisson.

12. The Complaint in the Underlying Action (the "Complaint") alleges that, on or about June 28, 2007, Triple S entered into a contract with American Heritage for the construction of a new Key West Inn franchise to be located in Hamilton, Alabama.

13. The Complaint further alleges that the contract required substantial completion within 225 working days.

14.     The Complaint seeks damages for the defendants' alleged failure to complete the work required by the contract. More specifically, American Heritage alleges that it presented defendants with a punch list of 340 items, including construction of a swimming pool. The estimated value of the unfinished items is claimed to be between $128,000 and $160,000. American Heritage also alleges that it paid Triple S all but $28,749 of the approximately $1,430,000 contract value as of May 19, 2008.

15.     American Heritage further alleges that Triple S's work crews never returned to the worksite after May 19, 2008.

16.     The Complaint states claims for breach of contract, fraud, breach of warranties, negligence, wantonness, conversion, unjust enrichment, promissory estoppel, and quantum meruit. American Heritage seeks compensatory, consequential, special, and punitive damages, plus costs and other such relief to which it may be entitled.

**The Burlington Policies**

17.     Burlington issued two separate policies of insurance to Triple S that were in effect during the periods at issue in the Subject Action. The first, policy number 171B002422, was issued for the effective dates of December 8, 2006 to December 8, 2007 (the "2007 Policy"). The second, policy number 171B002891, was issued for the effective dates of December 8, 2007 to December 8, 2008 (the "2008 Policy") (and together the "Policies"). A true and correct copy of the 2007 Policy is attached hereto as Exhibit A. A true and correct copy of the 2008 Policy is attached hereto as Exhibit B.

18.     Donald Sisson and Casey Sisson are not named as insureds in the 2007 Policy or the 2008 Policy. Therefore, they are not insureds under the Policies unless it can be

shown that they fall within those provisions of the Policies extending coverage to "employees," "executive officers," or "stockholders" of Triple S.

19. American Heritage is not named as an insured under the 2007 Policy or the 2008 Policy.

20. The Policies both provide coverage for "bodily injury" and "property damage" if they are "caused by an 'occurrence' that takes place in the 'coverage territory'." The Policies both define "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful condition."

21. The Complaint in the Underlying Action does not allege "bodily injury," "property damage," or an "occurrence" within the meaning of the Policies. Therefore, none of the defendants is entitled to defense or indemnity with respect to the claims asserted in that action.

22. In addition, to the extent that the "bodily injury" or "property damage" alleged by American Heritage, if any could be shown, occurred outside the relevant policy periods, or, whether known or unknown to any person, first occurred prior to the inception date of the policy or was in the process of occurring as of the inception date of the relevant policy, there would be no coverage afforded by the policies.

23. Furthermore, the Policies contain several exclusions applicable to the allegations made by American Heritage in the Underlying Action, including, among others, exclusions against coverage for Expected or Intended Injury; Damage to Property; Damage to Your Work; Damage to Impaired Property or Property Not Physically Injured; Undeclared Operations, Premises, or Locations; and Punitive Damages.

24. The 2007 Policy and the 2008 Policy both contain the following Expected or Intended Injury Exclusion:

> This insurance does not apply to:
>
> a. Expected Or Intended Injury
>
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

25. The Complaint in the Underlying Action alleges, in part, that American Heritage's damages were the result of Triple S's intentional actions. To the extent Triple S expected or intended the injury to American Heritage, there would be no coverage under the Policies due to the exclusion quoted above.

26. The Policies also contain a Damage to Property Exclusion, which excludes coverage, in relevant part, as follows:

> j. Damage To Property
>
> "Property damage" to:
>
> \* \* \*
>
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.
>
> \* \* \*
>
> Paragraphs (3), (4), (5) and (6) of this exclusion do not apply to liability assumed under a sidetrack agreement.
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products - completed operations hazard".

6

27. The Policies also contain the following Damage to Your Work exclusion:

> I.  Damage To Your Work
>
> "Property damage" to "your work" arising out of it or any part of it and included in the "products – completed operations hazard". This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

28. The Policies also contain the following Damage to Impaired Property or Property Not Physically Injured Exclusion:

> m.  Damage To Impaired Property Or Property Not Physically Injured
>
> "Property damage" to "impaired property" or property that has not been physically injured, arising out of:
>
> (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
>
> (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.
>
> This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

29. The Complaint alleges that Triple S and its representatives failed to conform their work to contract and industry standards and damaged property on the job site. To the extent any of the damages alleged in the Complaint qualify as "property damage," one or more of the "Damage to Property", "Damage to Your Work," "and "Damage to Impaired Property or Property Not Physically Injured" exclusions would serve to negate coverage for those claims.

30. The 2008 Policy contains the following exclusion:

> Undeclared Operations, Premises or Locations

7

> This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of:
>
> a.  Premises or locations not scheduled in the policy; or
>
> b.  Operations or "products-completed operations" not included in the Classification schedule in the policy, whether or not such operations or "products-completed operations" are continuous, intermittent, incidental, temporary or seasonal in nature.

31. Because the construction project described in the Complaint does not fall within the classification schedule contained in the 2008 Policy, there would be no coverage under the 2008 Policy for any "bodily injury" or "property damage" arising from that project.

32. Both Policies also contain a Punitive Damages exclusion, which provides as follows:

### EXCLUSION - PUNITIVE DAMAGES

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART**

This insurance does not apply to any claim of or indemnification for punitive or exemplary damages. If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

33. Accordingly, Burlington would have no obligation to indemnify any party in connection with a punitive damages award.

34. The Policies also afford no coverage for any claims for recovery in excess of the applicable policy limits.

## IV.
## DECLARATORY RELIEF – NO DUTY TO DEFEND OR INDEMNIFY

35. Burlington incorporates by reference the allegations stated above.

36. Burlington seeks a declaratory judgment by this Court that the Policies do not create a duty to defend or indemnify any party to this case for any settlement of or judgment in the Underlying Action.

37. The facts alleged in the Complaint do not allege conduct or damages that constitute "bodily injury," "property damage," or an "occurrence" under the Policies. Further, there is no coverage under the Policies for the claims asserted in the operative pleading due, among other reasons, to exclusions contained in the Policies, including those noted above. Therefore, Burlington does not owe a duty of defense or indemnity to any party with respect to the Underlying Action.

38. In addition, the Policies expressly provide that Burlington will have no duty of indemnity with respect to any award of punitive damages. Therefore, Burlington does not owe a duty to indemnify any defendant in connection with any award of punitive damages in the Underlying Action.

39. Burlington also seeks a declaration that it may withdraw the defense in connection with the Underlying Action it is currently providing to Triple S, Donald Sisson, and Casey Sisson under a reservation of rights.

## V.
## JURY DEMAND

Burlington hereby requests that this civil action be tried by a jury.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiff The Burlington Insurance Company respectfully requests judgment against defendants as follows:

(a) A declaration that the Policies do not apply to the Underlying Action, such that Burlington has no duty to defend or indemnify defendants in connection therewith;

(b) A declaration that Burlington may withdraw its defense of Triple S, Donald Sisson and Casey Sisson in the Underlying Action;

(c) Reasonable attorneys' fees incurred in pursuing this action;

(d) Costs of court, and prejudgment and post-judgment interest as allowed by law; and

(e) Such other and further relief as to which Burlington may show itself justly entitled.

Respectfully submitted,

THE BURLINGTON INSURANCE COMPANY

By: _____
Charles E. Winfield

OF COUNSEL:

Charles E. Winfield (MB #10588)
Joy W. Graves (MB #10302)
PERRY, WINFIELD & WOLFE, P.A.
224 E. Main Street
P.O. Box 80281
Starkville, MS 39759
662.323.3984 – Telephone
662.323.3920 – Facsimile